UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BOYU WANG,
Petitioner,
v.
CHRISTOPHER J. LAROSE,
Respondents.

Case No.: 26-cv-5332-RSH-MSB

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

On September 17, 2026, petitioner Boyu Wang, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. For the reasons set forth below, the Court denies the Petition.

## I. BACKGROUND

This is Petitioner's second habeas petition. On July 8, 2026, this Court denied Petitioner's first petition. *See Wang v. LaRose*, Case No. 3:26-cv-02648-RSH-MSB, ECF No. 5. The Government conceded, however, that Petitioner was entitled to a bond hearing. *See id.* at 2 n.1.

On August 28, 2026, Petitioner received a bond hearing. ECF No. 5-5, at 2. The Immigration Judge ("IJ") denied bond, finding that Petitioner was a flight risk. *Id.* Petitioner did not appeal that decision to the Board of Immigration Appeals ("BIA"). *See*

ECF No. 1, at 3 (answering "No" when asked whether Petitioner filed an "appeal [of] the decision" or sought "an administrative remedy").

## II. LEGAL STANDARD

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## III. ANALYSIS

The Ninth Circuit "require[s], as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). A court may require prudential exhaustion when:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). Nonetheless, "a court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'" *Hernandez*, 872 F.3d at 988 (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

The Ninth Circuit has applied the exhaustion doctrine to circumstances similar to those presented here—where a noncitizen seeks review, through a habeas proceeding, of an immigration judge's denial of bond without first appealing that denial to the BIA. *See Leonardo*, 646 F.3d at 1160 ("Here, [the petitioner] pursued habeas review of the IJ's adverse bond determination before appealing to the BIA. This short cut was improper. [The petitioner] should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision. . . . When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused.").

Consistent with *Leonardo*, the Court declines act as a parallel appellate administrative tribunal in addressing the merits of the claimed errors here, where doing so would effectively encourage the deliberate bypass of the administrative review process—a process that is designed to allow the agency to correct its own errors. The Court declines to waive the prudential exhaustion requirement.[1]

## IV. CONCLUSION

For the foregoing reasons, the Petition is **DENIED**. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: October 5, 2026

Robert S Huie

Hon. Robert S. Huie
United States District Judge

[1] Petitioner also alleged that he was unlawfully arrested without a warrant. ECF No. 1, at 7. The Government provided a copy of Petitioner's arrest warrant. ECF No. 7-1. Petitioner has not demonstrated that his arrest violated the Due Process Clause.